This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

No. A-1-CA-40517

**MARIO ZAPATA,**

Petitioner-Appellee,

v.

**CLARISSA ZAPATA,**

Respondent-Appellant.

**APPEAL FROM THE DISTRICT COURT OF CHAVES COUNTY**
**James M. Hudson, District Judge**

Mario Zapata
Fort Worth, TX

Pro Se Appellee

Clarissa Zapata
Fort Worth, TX

Pro Se Appellant

## MEMORANDUM OPINION

**IVES, Judge.**

**{1}** Respondent (Wife) appeals from the district court's order denying her motion to reverse or set aside the divorce decree entered as to her and Petitioner (Husband) in 2018. This Court issued a notice of proposed summary disposition, proposing to affirm. Respondent filed a memorandum in opposition to the proposed summary disposition, which we have duly considered. Unpersuaded that the calendar notice was in error, we affirm.

**{2}** Our notice proposed to affirm based on the district court's assessment of Husband's testimony as credible at the merits hearing on the case in 2018, where he

testified that he had been a resident of Chaves County for the six months prior to the petition being filed, and our deference to the district court's assessment of the credibility of the parties regarding their residency. [CN 3-4] We proposed to conclude that, therefore, the district court did not err in determining that it had jurisdiction to enter the earlier divorce decree and in denying Wife's motion to set that judgment aside. [CN 3-4]

**{3}** In her memorandum in opposition, Wife continues to contend that the district court erred by entering the divorce decree because it lacked jurisdiction. [MIO 1-2] She states that the district court failed to establish that either party was a resident of New Mexico. [MIO 2] Wife does not engage with the record's indication that the district court found Husband's uncontroverted testimony that he was a New Mexico resident to be credible or our proposed deference to that finding. [CN 2]

**{4}** In general, the arguments contained in Wife's memorandum in opposition do not sufficiently address the specific concepts and authorities this Court proposed to rely on in our notice of proposed disposition, do not persuade us that this Court's proposed summary disposition was in error, and do not otherwise impact our analysis or our disposition of this case. Therefore, we affirm for the reasons stated in our notice of proposed disposition and herein. *See Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law."); *see also State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003 (stating that the repetition of earlier arguments does not fulfill this requirement), *superseded by statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374.

**{5}** **IT IS SO ORDERED.**

**ZACHARY A. IVES, Judge**

**WE CONCUR:**

**SHAMMARA H. HENDERSON, Judge**

**JANE B. YOHALEM, Judge**